```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
SHAMIM ARA BEGUM,                         :
                                          :
                    Plaintiff,            :    12cv6620 (DLC)
                                          :
          -v-                             :    OPINION AND ORDER
                                          :    ACCEPTING REPORT
ARIBA DISCOUNT, INC., AFSAR KHAN, and     :    AND RECOMMENDATION
MAMADOU DIAMAN,                           :
                                          :
                    Defendants.           :
                                          :
-----------------------------------------X
```

Appearances:

For Plaintiff:

John K. Idouchi
JOHN K. IDOUCHI, ESQ.
136-40 39th Ave., Ste. 304
Flushing, NY 11354

For Defendant Ariba Discount, Inc.:

Christopher E. Chang
LAW OFFICES OF CHRISTOPHER E. CHANG
140 Broadway, 46th Floor
New York, NY 10005

Peter Hans Cooper
CILENTI & COOPER, P.L.L.C.
708 Third Avenue, 6th Flr
New York, NY 10017

For Defendant Afsar Khan:

Peter Hans Cooper
CILENTI & COOPER, P.L.L.C.
708 Third Avenue, 6th Flr
New York, NY 10017

For Defendant Mamadou Diaman:
Mamadou Diaman
PRO SE
149 West 24th Street
New York, NY 10011

DENISE COTE, District Judge:

On October 28, 2014, Magistrate Judge Fox issued a report ("Report") recommending that plaintiff be awarded (a) $29,747.94 in minimum wage, overtime compensation, and spread of hours damages; (b) $49,993.41 in liquidated damages; (c) $8,031.93 in prejudgment interest; and (d) postjudgment interest.  No objections to the Report have been filed.  For the reasons that follow, the Report is accepted.

BACKGROUND

Familiarity with the case, as described in the Report, is presumed.  Ariba Discount, Inc. ("Ariba Discount") operates a store where, from October 31, 2010 to July 14, 2012, Shamim Ara Begum ("Begum") was employed as a cashier continuously for 107 weeks, without taking any extended leave of absence, vacation, or sick leave.  Begum typically worked six days a week, from 9:00am to 10:00pm and was paid six dollars an hour.

On August 29, 2012, Begum commenced this action against Ariba Discount to recover unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, and the New York Labor Law ("NYLL"), §§ 190 to 199-a.  On January 17, 2013, the Court approved for distribution a

collective action notice. No party plaintiff was joined to the lawsuit as a result of the collective action notice. By August 28, 2013, Begum had amended the complaint to add as defendants Ariba Discount's owner, Afsar Khan, and its manager, Mamadou Diaman. By April 10, 2014, a certificate of default had been entered against all three defendants pursuant to Federal Rule of Civil Procedure 55(a). This action was referred to the Magistrate Judge for a Report respecting the amount due on wage and overtime claims. On September 4, 2014, the Magistrate Judge conducted an evidentiary hearing on the amount due by defendants to Begum.

DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of a report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Deng v. 278 Gramercy Park Grp., LLC, No. 12cv7803 (DLC), 2014 WL 4996255, at *3 (S.D.N.Y. Oct. 7, 2014) (citation omitted). Here, on the face of the record there is no clear error in the Magistrate Judge's calculation of minimum wage, overtime compensation, and spread of hours damages; liquidated damages; prejudgment interest; or postjudgment interest.

I.  Minimum Wage, Overtime Compensation, and Spread of Hours

Under FLSA § 206, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, . . . not less than $7.25 an hour."  29 U.S.C. § 206(a)(1)(C).  Pursuant to § 207, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  Id. § 207(a)(1).  "Any employer who violates the provisions of section 206 or section 207 of the [FLSA] shall be liable to the employee or the employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . ."  Id. § 216(b).  The NYLL and associated regulations[1] contain provisions that are materially similar for present purposes.  See NYLL § 160(3); N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.1 to -2.2, -2.4, -2.18.

There is nothing clearly erroneous in the way the Magistrate Judge applied these rules to the evidence here.  For the eighty-nine weeks for which receipts documenting Begum's

---

[1] The term "the NYLL" hereinafter encompasses the associated regulations.

4

hours were presented, the Magistrate Judge calculated overtime hours by subtracting forty from the total number of hours worked in a day and adopted the minimum hourly wage of $7.25 and the overtime hourly wage of $10.88 (or $7.25 times 1.5).  And for the eighteen weeks for which no receipts were presented, the Magistrate Judge used the arithmetic mean of weekly hours worked as calculated based on all of the available information.

    II.   <u>Liquidated Damages</u>

Under the FLSA, an employer may be liable for liquidated damages "in an additional equal amount" to the amount owed for "unpaid minimum wages, or . . . unpaid overtime compensation." 29 U.S.C. § 216(b).  But "if the employer shows . . . that the act or omission giving rise to [FLSA liability] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award [a lesser] amount thereof."  29 U.S.C. § 260.

Similarly, under the NYLL, "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due" may be recovered by a plaintiff.  NYLL § 198(1-a).  Prior to April 9, 2011, these liquidated damages

under the NYLL were calculated at twenty-five percent of the lost pay.  See NYLL § 198(1-a) (1999) (amended 2011).

> Courts in the Second Circuit are divided over whether a plaintiff may recover liquidated damages under both [the] FLSA and the NYLL, but allowing recovery under both statutes appears to be the majority approach. This is because the Supreme Court has specified that liquidated damages under [the] FLSA are compensatory, Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 583 (1942), but the Second Circuit has held that liquidated damages under the NYLL are punitive, Reilly v. Natwest Markets Grp., Inc., 181 F.3d 253, 265 (2d Cir. 1999).  Therefore, the two types of liquidated damages are not functional equivalents, and a plaintiff may recover both.

Tackie v. Keff Enters. LLC, No. 14cv2074 (JPO), 2014 WL 4626229, at *5 (S.D.N.Y. Sept. 16, 2014) (citation omitted); see also McLean v. Garage Mgmt. Corp., No. 09cv9325 (DLC), 2012 WL 1358739, at *10 (S.D.N.Y. Apr. 19, 2012) ("FLSA liquidated damages and NYLL liquidated damages serve fundamentally different purposes, and the plaintiffs are entitled to both FLSA and NYLL liquidated damages for unpaid wages.").

Again, there is nothing clearly erroneous in the way the Magistrate Judge applied these principles to the evidence in this case.  He found that defendants had failed to show that the conduct giving rise to this action was in good faith or that they had reasonable grounds for believing that their conduct was not a violation of law.  Accordingly, he imposed liquidated damages under the FLSA in an amount equal to the minimum wage, overtime compensation, and spread of hours award.  Similarly, he

6

imposed liquidated damages under the NYLL at a rate of twenty-five percent of the minimum wage, overtime compensation, and spread of hours award for the period until April 8, 2011, and at a rate of 100% of the minimum wage, overtime compensation, and spread of hours award for the period beginning April 9, 2011.

   III. Prejudgment Interest

   "It is well settled that in an action for violations of the [FLSA] prejudgment interest may not be awarded in addition to liquidated damages."  Brock v. Superior Care, Inc., 840 F.2d 1054, 1064 (2d Cir. 1988) (per curiam opinion on motion for clarification).  Under the NYLL, however, prejudgment interest may be awarded pursuant to the New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") in addition to liquidated damages.  See Reilly v. Natwest Markets Grp. Inc., 181 F.3d 253, 265 (2d Cir. 1999).  This remains true even where liability is found not only under the NYLL but also under the FLSA.  See Thomas v. iStar Fin., Inc., 652 F.3d 141, 150 n.7 (2d Cir. 2011) (citing Heng Chan v. Sung Yue Tung Corp., No. 03cv6048 (GEL), 2007 WL 1373118, at *9 (S.D.N.Y. May 8, 2007)).

   Under N.Y. C.P.L.R., interest "shall be at the rate of nine per centum per annum" and "computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred.  Where such damages were incurred at various

7

times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. 5001(b), 5004.

The Magistrate Judge did not clearly err in calculating prejudgment interest here. He picked the reasonable intermediate date of September 7, 2011 and applied the rate of nine percent to the award under the NYLL for minimum wage, overtime compensation, and spread of hours damages.

IV. Postjudgment Interest

Pursuant to federal law, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . .  Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a). The Magistrate Judge did not clearly err in finding that Begum is entitled to postjudgment interest under this statute.

CONCLUSION

The Report is accepted. Because no objection was filed to the Report, defendants have waived their rights of appeal from the judgment entered against them. United States v. James, 712 F.3d 79, 105 (2d Cir. 2013), cert. denied, 134 S. Ct. 2660 (2014).

The Clerk of Court is directed to enter default judgment against defendants, jointly and severally, equal to the sum of (a) $29,747.94 in minimum wage, overtime compensation, and spread of hours damages; (b) $49,993.41 in liquidated damages; (c) $8,031.93 in prejudgment interest; and (d) postjudgment interest at the federal statutory rate tied to the Treasury yield.

SO ORDERED.

Dated:   New York, New York
         January 16, 2015

                              _____
                              DENISE COTE
                              United States District Judge

```
COPY SENT TO

Mamadou Diaman
149 West 24th Street
New York, NY 10011
```